# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF PROPERTY SEIZED FROM THE PERSON AND VEHICLE OF MARK ALAN DEAKINS, LOCATED AT THE OFFICES OF THE FBI, 633 CHESTNUT STREET, SUITE 540, CHATTANOOGA, TENNESSEE 37450 | Case No. 1:21-mj-112 |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Samuel K. Moore, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), currently assigned to the Knoxville Division, Chattanooga, Tennessee Resident Agency. I have been employed as a Special Agent for 12 years. I have investigated federal criminal violations related to counter-terrorism, domestic terrorism, criminal enterprise, human trafficking, and crimes against children. I have received formal training and have participated in numerous search warrants in a variety of investigative matters. As a federal agent, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

2. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement agencies and partners, and on my experience and training as a Special Agent of the FBI. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe

Page **1** of **13**

Case 1:21-mj-00112-CHS   Document 2   Filed 06/18/21   Page 1 of 13   PageID #: 2

are necessary to establish probable cause to believe that evidence of a violation of interstate commerce, Title 18, United States Code, Section 2251(a) which make it a crime to produce visual depictions of minors engaging in sexually explicit conduct, and Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography have occurred.

3. This affidavit is being submitted in support of an application for a search warrant to search seized property belonging to MARK ALAN DEAKINS (DEAKINS) located at the office of the Federal Bureau of Investigation, 633 Chestnut Street Suite 540, Chattanooga, Tennessee 37450.

4. This affidavit will show there is probable cause that records and other items related to the violations being investigated (as specifically described in Attachment A, attached hereto and incorporated herein) will be found within the items.

## APPLICABLE LAW

5. Title 18, United States Code, Section 2251(a), which make it a federal crime to produce visual depictions of minors engaging in sexually explicit conduct.

6. Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), make it a federal crime for any person to knowingly possess any material that contains an image of child pornography that has been mailed, or shipped, or transported in interstate foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer.

7. As is the case with most digital technology, communications by way of computer and smart phones can be saved or stored on the devices used for these purposes. In addition

to electronic communications, a computer user's online activities generally leave traces in the web cache and history files of the browser used. A forensic examiner can often recover evidence which shows that a computer or smart device has accessed certain files and imagery and possibly when they were uploaded or downloaded. Such information may be maintained indefinitely until overwritten by other data.

## THE INVESTIGATION

8. There is probable cause to believe that DEAKINS violated Title 18 United States Code, Section 2251(a) which makes it a crime to produce visual depictions of minors engaging in sexually explicit conduct, and Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography based on the facts set forth below.

9. The Affiant met with Detective Steve Hope of the Red Bank, Tennessee, Police Department on May 27th, 2021, who informed him about a complaint involving DEAKINS. On May 17th, 2021, a complainant provided a Driver's License and Tennessee Probation Identification Card of DEAKINS along with a series of thumb drives to the Lafayette, Georgia, Police Department that she stated contained child pornography (CSAM). The complainant stated that she had given a young male a ride on May 16th, 2021, and that when she dropped the passenger off, whom she described as no more than 17, he had left behind a small bag in her vehicle including the identification cards, thumb drives, and video tapes. The complainant stated that she was curious and began to review some of the thumb drives that night when she discovered multiple CSAM videos of an adult male and very young juvenile males including the

images of an adult male known to her. The complainant then reached out to the individual she believed she knew who stated that the images depicted were taken by DEAKINS when he was very young and that he believed that DEAKINS was charged and convicted of child molestation out of Red Bank, Tennessee. At this point, Lafayette Police reached out to Red Bank, Tennessee Police for assistance. The Affiant also spoke with the original complainant and verified the details of the abandoned thumb drives and identification cards.

10. On May 27th, 2021, after reviewing the thumb drives, the Affiant found evidence of multiple file folders containing images and names of at minimum 17 young juvenile males over a period of 20 years nude exposing their penises and anal cavities, juvenile males engaged in oral and anal sex with an adult male, and juvenile males engaged in sexually explicit activity with other young male children. In a majority of these images and videos, an individual matching the description of DEAKINS is also observed nude and engaged in sexual activity with some of the juvenile males. Additionally, a file folder entitled JG (Minor) and JGX was discovered. Upon review of the JG folders, a series of CSAM images and videos were discovered that according to the image metadata and naming conventions were taken between June and September of 2018. Images discovered with location data were entered into Pic2Map Photo Location Viewer and these images registered within 200 feet of 2305 Wilder Street, Chattanooga, Tennessee. This imagery including an adult male pulling down the underwear of a sleeping male child under the age of 12 exposing their penis, images of the same male child erect and holding a ruler to his penis, images of the same child nude and showering, images of the child's hand on an adult male penis, images of an adult male penis pressed up against a sleeping child with his penis exposed, close up images of the child's erect penis, and videos of the same nude male child seemingly being directed to hold a handheld mirror up to display his anal cavity. Videos were also

observed of the same male child in a living room area nude and sitting in the lap of an adult male who is pressing the child onto his lap and massaging his back and placing his hand near his genital area. The videos were found to be taken on a webcam and images were found to be taken on a Samsung SM-G930V Mobile Device. The adult male depicted in the CSAM videos again closely matched the description of DEAKINS. On June 1st, 2021, the Affiant visited and photographed the exterior of 2305 Wilder Street, which upon review of the exterior composition of the residence and a review of the interior of the room where the 2018 videos were taken closely match, to include window placement and a window air conditioner unit placement.

11.  A CLEAR report on DEAKINS revealed the following identifiers:

MARK ALAN DEAKINS

SSN: 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

DOB: 01/22/1960

2305 Wilder Street Chattanooga, TN 37406

Criminal History: Especially Aggravated Sexual Exploitation of a Minor, Sexual Battery, and Statutory Rape (Sex Offender). DEAKINS was also found to have been the subject of an FBI federal interstate flight to avoid prosecution case additionally in 2001.

Employment: Pilgrims Pride

Vehicles:

Kia Soul (TN) Tag 7M41D5

Ford Econoline E150 (TN) Tag W5105L

Buick LeSabre (TN) Tag 9G55K1

Ford Econoline Van E250 (TN) Tag OM15J8

Note: This vehicle was observed parked unoccupied at the Wilder Street address on 05/27/21.

12.     An NCIC photograph that the Affiant observed of DEAKINS matched the photograph of the adult male observed in the videos with the young male (JG) taken in 2018 from what appears to be the residence of DEAKINS. Other images of the juvenile male, non-CSAM, were also observed including one where the child was holding up a Kindergarten graduation certificate dated 05-25-17.

13.     On June 3rd, 2021, a search warrant was executed at the residence of DEAKINS located at 2305 Wilder Street, Chattanooga, Tennessee, where the interior of the residence was confirmed as being one and the same with the imagery contained in the CSAM videos taken of DEAKINS and JG, who has since been identified as a now 10 year old male residing in Washington state. A neighbor advised law enforcement that DEAKINS had left his residence in Chattanooga in his van roughly thirty minutes before the arrival of law enforcement agents. Agents had attempted to contact DEAKINS by phone, and he answered the first time and gave a false statement to agents saying that he was out of town, had been out of town, and would not return until the following Monday. Subsequent efforts to contact him resulted in no response. DEAKINS was not present during the search and additional investigation revealed that DEAKINS was aware via doorbell video that investigators were serving a search warrant on his residence. On June 7th, 2021, DEAKINS was located at a RV Park in Crossville, Tennessee, and was taken into custody. In addition to his earlier false statement to agents about his whereabouts, DEAKINS also lied to an FBI Task Force Officer about his true identity when initially

encountered. Investigators learned from an individual at the park that DEAKINS was taking additional steps to conceal his whereabouts and his property from law enforcement, including hiding his van and borrowing other means of transportation. During a search incident to arrest, agents found a Samsung Galaxy mobile telephone[1] on the person of DEAKINS. DEAKINS advised law enforcement agents that he had a cell phone in his van. Pursuant to probable cause, Agents searched the van in which DEAKINS had fled from his residence in Chattanooga, and they located two (2) thumb drives[2], a laptop[3], a loaded firearm, SD cards[4], and personal identifiable information. No cell phone was found in the van, although agents found two (2) empty boxes for cell phones. At the time of the search of the vehicle, agents knew that the defendant had produced child pornography at his residence in Chattanooga and was on video having personally participated in the sexual exploitation of numerous children over a long period of time in multiple locations, he had an arrest warrant, he was a prior convicted sex offender, he had given agents a false name and false information about his whereabouts, he had components of explosive devices in his residence in Chattanooga, and he was aware that he had an arrest warrant out for him (even admitting to another person that he was "wanted"). Agents, including the undersigned, are aware that individuals who commit sex trafficking crimes against children, frequently use cellular telephones ("smart phones") to produce, view, and transmit images and/or videos. Such individuals often maintain such images on their cell phones, computers, thumb drives, and other digital storage devices and maintain strict physical and

---

[1] Cell phone black Samsung model SM-S111DL(GP); IMEI 352082508070580

[2] 16 GB Onn brand thumb drives

[3] Laptop gold HP no serial number visible. ID numbers include X16-96072 and 00196-129-239-025 and the back of the laptop has a sticker labeled "m. deakins."

[4] SanDisk ultra plus micro SD 64GB 7416XVHAQ278

password security on these items to avoid discovery by law enforcement. They tend to keep physical control of as many of these items as possible. An FBI Agent from the Chattanooga office collected the evidence and brought it to Chattanooga. The evidence is currently in the possession of the affiant and is being stored securely at the FBI's office in Chattanooga.

## CONCLUSION

14. Based upon information provided in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2251(a) which make it a crime to produce visual depictions of minors engaging in sexually explicit conduct, and Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography have been committed and that the items described in Attachment A, attached hereto and incorporated will be found within the seized property of DEAKINS located at the Offices of the FBI, 633 Chestnut Street Suite 540, Chattanooga, Tennessee 37450.

Samuel K. Moore, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 18th day of June, 2021.

Christopher H. Steger
United States Magistrate Judge

Page **8** of **13**

Case 1:21-mj-00112-CHS   Document 2   Filed 06/18/21   Page 8 of 13   PageID #: 9

## ATTACHMENT A

## LIST OF ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2251(a) which make it a crime to produce visual depictions of minors engaging in sexually explicit conduct, and Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography including conspiracies and attempts to violate those provisions:

1. Computers, storage media, and mobile devices used as a means to commit the violations described above or to store any records or information permitted to be seized by this Attachment A.
2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):
    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing

history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

3. Child pornography and/or child erotica, including any records or information relating to the advertisement, distribution, transportation, receipt, access, possession, creation, production, storage, transmission, or editing of any such visual depictions.
4. Records, information, and items relating to violations of the statutes described above including the following:
    a. Records, information, and items relating to the ownership of electronic devices found within the property including utility and telephone bills, mail envelopes, or addressed correspondence; Records, information, and items relating to the ownership or use of computer equipment found in the seized property including sales receipts, bills for Internet access, and handwritten notes;
    b. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;
    c. Records and information relating to websites operating over the Tor network, including any document or page comprising a part of any such website, records and information showing any person's access to or involvement with such websites, and any communications between any users of such websites;
    d. All records and information that would identify or assist in identifying the administrators and users of any websites described in the previous subparagraph;
    e. Records and information relating to sexual exploitation of children, including correspondence and communications between users of child pornography and exploitation websites.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

Page 11 of 13
Case 1:21-mj-00112-CHS   Document 2   Filed 06/18/21   Page 11 of 13   PageID #: 12

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, thumb drives, SD cards, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the seized property law enforcement personnel are also specifically authorized to compel MARK ALAN DEAKINS to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

(a) any of the COMPUTERS and Mobile Devices found and

(b) where the COMPUTERS and Mobile Devices are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the COMPUTER and Mobile Device security features in order to search the contents as authorized by this warrant.

## ATTACHMENT B

## DESCRIPTION OF LOCATION TO BE SEARCHED

Property seized from the person and vehicle of MARK ALAN DEAKINS located at the Offices of the FBI, 633 Chestnut Street Suite 540, Chattanooga, TN 37450, to include:

1. Cell phone black Samsung model SM-S111DL(GP); IMEI 352082508070580;
2. Laptop gold HP no serial number visible. ID numbers include X16-96072 and 00196-129-239-025 and the back of the laptop has a sticker labeled "m. deakins";
3. SanDisk ultra plus micro SD card 64GB 7416XVHAQ278; and
4. Two (2) Thumb drives 16 GB Onn brand.